UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| WILLIAM BELL, | ) | 3:11-cv-00745-RCJ-WGC |
| Plaintiff, | ) | |
| vs. | ) | **AMENDED ORDER** |
| JOHN PEERY, *et al.*, | ) | |
| Defendant(s) | ) | |

Before the court is plaintiff's "Second Motion for Enlargement of Time" (Doc. # 31), "Motion for Reconsideration" (Doc. # 32) and "Supplemental Motion for Reconsideration dtd 1/31/0011" (Doc. # 33).

**I. Background**

Plaintiff is an inmate at Northern Nevada Correctional Center. Underlying the matters identified above is a Motion for Temporary Restraining Order/Preliminary Injunction filed by plaintiff. (Doc. #5.) Therein plaintiff contends he was being forced to take an anti-psychotic mediation, "Abilify," and seeks to enjoin that alleged practice by the Nevada Department of Corrections (NDOC). (*id.*). He additionally filed a Motion for Early Discovery (Doc. #16) which discovery plaintiff stated was needed to substantiate his request to the court to order defendants John Peery, *et al.* "...to stop all further treatments with the anti-psychotic drug Abilify immediately to prevent the possibility of suffering a stroke or permanent damages to his physical health." (Doc. #5.)

On November 17, 2011, the court scheduled an expedited hearing (11/28/11) on plaintiff's motion for a temporary restraining order/preliminary injunction (Doc. # 14). On November 22, 2011,

1  plaintiff requested an extension of time to respond to NDOC's opposition to plaintiff's motion for a
2  temporary restraining order/preliminary injunction. Accordingly, the November 28 hearing was
3  vacated and plaintiff's motion for an extension of time was granted (Doc. #17).

4      In the meantime, the plaintiff filed his motion for early discovery (Doc. # 16). The Court set
5  a hearing on plaintiff's motion for early discovery for December 19, 2011 (Doc. # 21).

6      At the hearing on the discovery motion, the Court inquired of plaintiff about the basis for his
7  request for a restraining order, i.e., whether he was being required to take the medication "Abilify."
8  Plaintiff advised the court that "he is not now taking Abilify, does not wish to take Abilify, and to his
9  knowledge, has not taken Abilify since October 25, 2011." (Doc. # 23). NDOC's counsel, Deputy
10 Attorney General Hastings, stated that there may be certain limited circumstances under which NDOC
11 might be required to forcibly administer a medication for the inmate's or prison's benefit. The Court
12 asked Deputy Attorney General Hastings to ascertain whether plaintiff's medical chart could be
13 "flagged" so that prior to plaintiff being administered any medicine against his will that NDOC would
14 contact the court. (*id*.) Deputy Attorney General Hastings advised the Court that he would make
15 inquiry with NDOC regarding alleged forcible administration of medications to plaintiff Bell and
16 stated he would report back to the court. The motion for early discovery (Doc. #16) was continued
17 pending further information from Deputy Attorney General Hastings.

18     On December 21, 2011, counsel for the NDOC defendants advised the court that a "Notice of
19 Protocol" had been inserted in plaintiff's medical chart. (Doc. #24.) Under that protocol, NDOC
20 instructed its health care providers that before any "involuntary/forced medication" could be
21 administered to plaintiff Bell that a status conference would first have to be conducted with the court.
22 (Doc. 24; 24-1, Exhibit B). This protocol applies to all medications which plaintiff might refuse. (*id*.)

23     Following the filing of defendants' answer to plaintiff's complaint on December 22, 2011
24 (Doc. #26), the Court entered a scheduling order on December 23, 2011, which allowed the parties,
25 the plaintiff included, to proceed with discovery, which discovery was to be completed within 105 days
26 (April 5, 2012). (Doc. #27).

27     On December 27, 2011, the Court issued a minute order (Doc. #29) with respect to the
28 plaintiff's motion for early discovery (Doc. # 16). Because plaintiff stated he had not taken Abilify

1  since October, and because of the representations of NDOC that a protocol prohibiting forcible
2  administration of any medication against Mr. Bell's will had been instituted, the Court concluded that
3  the basis for plaintiff's motion for temporary restraining order/preliminary injunction appeared to have
4  been resolved. (Doc. # 29.)

5  However, while the Court did not dismiss, or recommend dismissal, of the motion for the
6  temporary restraining order/preliminary injunction, the Court did find that the grounds for "early
7  discovery" with respect to a temporary restraining order to be "moot." (Doc. # 29.) There were
8  multiple grounds for the determination of mootness for the request for early discovery. First, the
9  plaintiff represented to the court that he had not been required to take Abilify since October 25, 2011.
10 Second, the medical protocol NDOC adopted with respect to inmate Bell directs NDOC to contact the
11 court before attempting to forcibly administer *any* medication to plaintiff, not just Abilify. And third,
12 the Court had already entered a scheduling order (Doc. #27) which allowed the parties to proceed with
13 discovery. As such, there was no necessity to grant a motion for early discovery and plaintiff's motion
14 (Doc. #16) was denied. (Doc. #29.)

## II. PENDING MOTIONS

### A. Motion for Enlargement of Time (Doc. # 31):

The first motion presently before the court is plaintiff's "Second Motion for Enlargement of Time" (Doc. 31). Plaintiff seeks an additional forty-five days to respond to "defendants in their opposition motion and answer to complaint." Although defendants' answer does not necessitate any responses by plaintiff, to the extent plaintiff seeks additional time to respond to the defendants' opposition to his motion for a temporary restraining order/preliminary injunction, plaintiff's Motion for Enlargement of Time (Doc. #31) is **GRANTED. Plaintiff shall have until April 6, 2012, to file a reply to defendants' response to plaintiff's motion for temporary restraining order (Doc. # 9). There will be no further extensions granted with respect to this deadline.**

### B. Motion for Reconsideration and Supplement to Motion for Reconsideration (Docs. #32, 33):

In these documents, the plaintiff asks the Court to reconsider its order denying plaintiff's motion for early discovery, or in the alternative, in a "motion for production of documents" (contained within Doc. 32), to produce a transcript of the December 19 hearing and certain other documents, such

as medical records. Plaintiff's grounds for requesting a transcript of the December 19, 2011, hearing was that plaintiff now claims he has "no memory of having made these statements to the court," i.e., that he has not taken Abilify since October 25, 2011. (Doc. # 32 at 2.) While the minutes reflect otherwise, the Court is not going to order the preparation of a transcript of the hearing (unless plaintiff pays for the transcript in advance). Even if plaintiff did not make the statement, it would not change the fact that the Scheduling Order (Doc. #27) allows plaintiff to proceed with discovery, thereby rendering the motion for early discovery moot.

Since the court has entered a scheduling order allowing the parties to proceed with discovery, plaintiff's Motion for Reconsideration (Doc. #32, 33) is **DENIED as moot.**

S

**IT IS SO ORDERED.**

DATED: March 2, 2012.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE