1
2
3
4
5
6                    **UNITED STATES DISTRICT COURT**
7                        **DISTRICT OF NEVADA**
8
9    WILLIAM BELL,                    )    3:11-cv-00745-RCJ-WGC
                                      )
10                 Plaintiff,         )
                                      )
11        vs.                         )    **<u>ORDER</u>**
                                      )
12   JOHN PEERY, et al.,              )
                                      )
13                 Defendants.        )
     _____)
14
15        Before the court is Plaintiff's Request for a Suspension of Proceedings. (Doc. # 46.)
16   Defendants have opposed Plaintiff's request.  (Doc. # 48.) In addition, Defendants seek to file
17   Exhibit B in support of their opposition under seal. (Doc. # 47.)
18                            **I.  BACKGROUND**
19   **A.  Facts and Plaintiff's Claim**
20        At all relevant times, Plaintiff William Bell was in custody of the Nevada Department of
21   Corrections (NDOC), housed at Northern Nevada Correctional Center (NNCC). (Pl.'s Compl.  (Doc.
22   # 4) 1.)  Plaintiff, a pro se prisoner, brings this action pursuant to 42 U.S.C. § 1983. (*Id.*) Defendants
23   are Keith Ownsby, Janet Lamb, David Mar, John Peery, and Sandra Snider. (*Id.*  at 1-3.)
24        On screening, the court determined that Plaintiff states a colorable claim for deliberate
25   indifference to a serious medical need under the Eighth Amendment in connection with his allegation
26   that he was forced to take the antipsychotic medication Abilify. (Screening Order (Doc. # 3).)
27   **B.  Request for Injunctive Relief**
28        On October 21, 2011, Plaintiff filed a motion seeking injunctive relief in the form of an order

precluding Defendants from forcing him to take Abilify, a prescription drug which is indicated for mental health treatment. (Doc. # 5.) Given the nature of Plaintiff's assertions, the court set an accelerated briefing schedule and set the matter for a hearing. (Doc. # 14.)  In their opposition, Defendants represented that Plaintiff was *not* being forced to take any antipsychotic medications. (Doc. # 9.) As a result of these representations, the court determined that the initial urgency associated with Plaintiff's request for injunctive relief no longer existed and the court vacated the hearing. (*See* Doc. # 17.)

On April 11, 2012, the court issued a Report and Recommendation that Plaintiff's request for injunctive relief be denied, which was adopted by the district court on August 14, 2012. (Docs. # 37, # 51.) After undertaking a thorough review of Plaintiff's medical records which indicated Plaintiff was not being forced to take Abilify, the court concluded that Plaintiff had not demonstrated a likelihood of success on the merits of his claim that Defendants had been deliberately indifferent to his serious medical need. (*Id*.)

**C.  Plaintiff's Motion to Conduct Early Discovery and Request for Assistance by Another Inmate**

Plaintiff also filed a motion to conduct early discovery to support his motion for injunctive relief, and the court held a hearing on this motion on December 19, 2011. (Docs. # 16, # 23.)  In his motion, Plaintiff requested that he be granted early access to his medical records in order to support his request for injunctive relief. (*Id*.)  He also asked that he be allowed to be accompanied by an inmate assistant in reviewing his medical records because of his inability to read or write. (*Id*.)

Defendants opposed Plaintiff's motion. (Doc. # 22.) Defendants did not oppose Plaintiff's request to inspect and copy his medical records so long as he did so in accordance with NDOC regulations. (*Id*.) However, Defendants did argue that Plaintiff would not be able to review the requested mental health records because that the majority of the information contained in those records would need to be redacted from Plaintiff because they would be harmful or otherwise negatively impact the emotional and mental well being of Plaintiff. (*Id*. at 5.) Finally, Defendants asserted that NDOC regulations prohibited Plaintiff from having another inmate access to his medical records.  (*Id*.  at 4.) Instead, they offered to afford Plaintiff the opportunity to inspect his records with a non-inmate

assistant. (*Id.* at 5.) This assistant would read Plaintiff the records and assist him in taking notes and copying the records. (*Id.*)

At the December 19, 2011 hearing, Plaintiff informed the court he was not taking Abilify and had not taken it since October 25, 2011. (*See* Minutes at Doc. # 23.) Defense counsel reiterated that Plaintiff was not being forced to take Abilify. (*Id.*) Out of an abundance of caution, defense counsel agreed to place a notice in Plaintiff's medical file that if it became necessary for Plaintiff to be treated involuntarily, the deputy attorney general assigned to this case should be notified in advance so that he could in turn notify the court and the court could hold a status conference. (*See* Docs. # 23, # 24, # 24-1.) As a result of this filing, the court determined that the basis for Plaintiff's motion for early discovery was moot and denied the motion. (Doc. # 29 at 1.) To date, the court has not been notified of any attempt to forcibly medicate Plaintiff.

While the court denied Plaintiff's motion for the reasons stated above, the court briefly addressed Plaintiff's request for inmate assistance in connection with reviewing his medical records. (*See* Minutes at Doc. # 23.) Plaintiff was advised that he could utilize the assistance of a fellow inmate for purposes of reading and writing his pleadings in this case, but the inmate assistant would not be permitted to appear at hearings or act as Plaintiff's attorney. (*Id.*) The court confirmed that a case worker would be permitted to appear with Plaintiff at hearings, as one did at the December 19, 2011 hearing, for purposes of helping Plaintiff to understand what is occurring. (*Id.*)

Defendants correctly point out in their Motion for Summary Judgment (Doc. # 39) that while not reflected in the minutes, the court also addressed Defendants' argument that Plaintiff not be given access to his mental health records. (Doc. # 39 at 3 n. 1.) The court stated that it was not persuaded by Defendants' argument that Plaintiff should not be able to review his mental health records that are germane to this case. The Court stated that it was inclined to order that plaintiff be allowed to review them if he were required to oppose a motion for summary judgment in the future. (*Id.*) The court did not make any definitive ruling on this issue, but advised Defendants that they would need to provide additional support for their argument (i.e., that Plaintiff not be given access to his mental health records) upon filing a motion for summary judgment. (*Id.*)

/ / /

3

1    **D.  Defendants' Motion for Summary Judgment**

2           On April 23, 2012, Defendants filed a Motion for Summary Judgment, arguing that they were

3    not deliberately indifferent to Plaintiff's serious medical need because Plaintiff was not forced to take

4    Abilify. (Doc. # 39.)  In connection with their motion, and in accordance with the court's instruction

5    at the December 19, 2011 hearing, Defendants attached the Declaration and Report of Dr.  John Harris,

6    one of Plaintiff's health care providers, wherein Dr. Harris urges the court to order that Plaintiff's

7    mental health records not be made available to Plaintiff.  (*See* Doc. # 39 at 3 n.  1, Doc. # 40-1 (Ex.

8    A) at 2-5.)

9           On May 4, 2012, Plaintiff requested an extension of time to respond to Defendants' Motion for

10   Summary Judgment on the basis that he is illiterate and must rely on the assistance of fellow inmates

11   to prepare his response. (Doc. # 44.) This motion was granted, and Plaintiff was given up to July 2,

12   2012 to file his response.  (Doc. # 45.)

13   **E.  Plaintiff's Motion to Suspend Proceedings**

14          Plaintiff did not file a response to Defendants' motion.  Instead, on June 13, 2012, Plaintiff filed

15   the instant motion requesting a suspension of proceedings. (Doc. # 46.)  Plaintiff's request is based on

16   the assertion that he is illiterate and cannot articulate an appropriate response to Defendants' motion.

17   (*Id*. at 1.)  Plaintiff indicates that he has been able to reach this point in the litigation only with the

18   assistance of a fellow inmate.  However, this inmate assistant is not allowed to view Plaintiff's medical

19   records and therefore cannot assist him in preparing a response to Defendants' motion. (*Id*.  at 1-2.)

20   Plaintiff also makes reference to a denial of a request for the appointment of counsel (no prior motion

21   for appointment of counsel had been filed by the plaintiff).  (*Id*.)  He asserts that until such time as

22   counsel is appointed or his inmate assistant is given access to his medical records, these proceedings

23   should be suspended. (*Id*. at 2.)

24          Defendants oppose Plaintiff's request, arguing: (1) Plaintiff is not entitled to appointed counsel;

25   and (2) Plaintiff's inmate assistant should not be given copies of Plaintiff's medical records as NDOC

26   will provide Plaintiff access to a non-inmate individual to read, assist Plaintiff in taking notes, and copy

27   records which Plaintiff designates. (Doc. # 48.)

28   / / /

4

## II.  DEFENDANTS' MOTION TO SEAL EXHIBIT B (Doc. # 46)

Defendants seek leave to file Exhibit B in support of their opposition under seal.  (Doc. # 47.) Exhibit B consists of medical progress notes from Plaintiff's medical chart. (*Id*. at 2.)  The court notes that this is not one of the records to which Defendants claim Plaintiff should not have access.

"Historically, courts have recognized a general right to inspect and copy public records and documents, including judicial records and documents." *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (internal quotation marks and citation omitted). Documents that have been traditionally kept secret, including grand jury transcripts and warrant materials in a pre-indictment investigation, come within an exception to the general right of public access. *See id*. Otherwise, "a strong presumption in favor of access is the starting point." *Id*. (internal quotation marks and citation omitted).

A motion to seal documents that are part of the judicial record, or filed in connection with a dispositive motion, must meet the "compelling reasons" standard outlined in *Kamakana*.  Thus, a party seeking to seal judicial records must show that "compelling reasons supported by specific factual findings...outweigh the general history of access and the public policies favoring disclosure." *Kamakana*, 447 F.3d at 1178-79. The trial court must weigh relevant factors including "the public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets." *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 679 n.  6 (9th Cir. 2010) (internal quotation marks and citation omitted). While the decision to grant or deny a motion to seal is within the trial court's discretion, the trial court must articulate its reasoning in deciding a motion to seal. *Pintos*, 605 F.3d at 679.

When a motion to seal documents is filed in connection with a non-dispositive motion, as it is here, "the usual presumption of the public's right of access is rebutted[,]" and requires only a showing of "good cause." *Kamakana*, 447 F.3d at 1180 ("A 'good cause' showing under Rule 26(c) will suffice to keep sealed records attached to non-dispositive motions.").

The court recognizes that the need to protect medical privacy has qualified as a "compelling reason," for sealing records, and therefore, satisfies the "good cause" standard for documents filed in

connection with a non-dispositive motion.  *See, e.g., San Ramon Regional Med. Ctr., Inc. v. Principal Life Ins. Co.,* 2011 WL89931, at *n.1 (N.D. Cal. Jan. 10, 2011); *Abbey v. Hawaii Employers Mut. Ins. Co.,* 2010 WL4715793, at * 1-2 (D.  HI. Nov. 15, 2010); *G. v. Hawaii,* 2010 WL 267483, at *1-2 (D. HI.  June 25, 2010)*; Wilkins v. Ahern,* 2010 WL3755654 (N.D. Cal. Sept. 24, 2010); *Lombardi v. TriWest Healthcare Alliance Corp.*, 2009 WL 1212170, at * 1 (D.Ariz. May 4, 2009).

Here, Exhibit B contains Plaintiff's sensitive health information. Balancing the need for the public's access to information regarding Plaintiff's medical information against the need to maintain the confidentiality of Plaintiff's medical records weighs in favor of sealing this exhibit.  Therefore, the motion to file Exhibit B under seal is granted.

### III.  PLAINTIFF'S REQUEST FOR SUSPENSION OF PROCEEDINGS

**A.  Request for Appointment of Counsel**

Preliminarily, and as noted above, the court has reviewed the docket and finds that Plaintiff has not previously filed a motion requesting counsel as he indicates in his current motion. Nonetheless, the court will construe Plaintiff's pending motion as making such a request and will address it in the first instance.

A litigant in a civil rights action does not have a Sixth Amendment right to appointed counsel. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). In very limited circumstances, federal courts are empowered to request an attorney to represent an indigent civil litigant. The circumstances in which a court will grant such a request, however, are exceedingly rare, and the court will make the request under only extraordinary circumstances.  *United States v. 30.64 Acres of Land*, 795 F.2d 796, 799-800 (9th Cir. 1986); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).  The decision whether to appoint counsel is discretionary with the court.

A finding of such exceptional or extraordinary circumstances requires that the court evaluate both the likelihood of success on the merits and the pro se litigant's ability to articulate his claims in light of the complexity of the legal issues involved.  Neither factor is controlling;  both must be viewed together in making the finding.  *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991), *citing Wilborn, supra,* 789 F.2d at 1331.

First, the court has already made a determination Plaintiff has not established a likelihood of

1  success on the merits of his Eighth Amendment claim when Plaintiff's request for injunctive relief was

2  denied.  (*See* Docs. # 37, # 51.)

3       Second, Plaintiff's various filings in this case, while likely prepared with the assistance of

4  another inmate, demonstrate Plaintiff's ability to satisfactorily articulate his claims. While the court

5  appreciates that Plaintiff's task of litigating this case may be difficult in light of his inability to read and

6  write, Plaintiff has proven that he is still able to articulate his claims with the aid of an inmate assistant.

7  Plaintiff's circumstances may not be ideal, but this is the plight of many pro se inmate litigants, and the

8  court finds that they do not rise to the level of the exceptional or extraordinary circumstances that justify

9  the appointment of counsel, particularly in view of the determination above with respect to the

10 likelihood of success criteria..

11 **B. Request for Suspension of Proceedings**

12      The court will now address Plaintiff's request for a suspension of proceedings on the grounds

13 that he cannot articulate a response to Defendants' Motion for Summary Judgment because his inmate

14 assistant is denied access to his medical records.

15      This request raises several issues not specifically addressed in Plaintiff's motion that need to

16 be determined before Plaintiff can proceed with responding to Defendants' Motion for Summary

17 Judgment, including: (1) whether Plaintiff can access his mental health records; (2) whether Plaintiff

18 can utilize another inmate to assist him in reviewing his medical records so that he can prepare a

19 meaningful response to Defendants' motion; (3) or whether NDOC's offer to afford Plaintiff the

20 opportunity to utilize a non-inmate assistant to review, take notes and copy his medical records is

21 sufficient.

22      **1.  Plaintiff's Access to His Mental Health Records**

23      Preliminarily, the court notes that Defendants do not dispute that Plaintiff may access his

24 medical records, but take exception to his accessing his mental health records. (*See* Doc. # 39 at 3 n. 1.)

25      At the December 19, 2011 hearing, the court indicated that it was not persuaded by Defendants'

26 arguments that Plaintiff should not have full access to review his medical records if he were required

27 to oppose any motion for summary judgment Defendants might file. The court did, however, invite

28 Defendants to renew this argument when they filed a dispositive motion.

1    Defendants did so, and in connection with their Motion for Summary Judgment submitted the

2    affidavit of Dr. John Harris, urging the court to order that Plaintiff's mental health records not be made

3    available to Plaintiff. (*See* Doc. # 39 at 3 n. 1, Doc. # 40-1 (Ex. A) at 2-5.) Defendants have requested

4    that this affidavit be filed under seal. (Doc. # 38.) The court has not yet ruled on the motion to file the

5    affidavit under seal, but the court has reviewed the affidavit of Dr. Harris in camera. While the court

6    respect's Dr. Harris's opinion, it has an obligation to administer justice and assure that a party is

7    afforded an opportunity to present his or her case. The court is particularly concerned with the prospect

8    of not allowing Plaintiff an opportunity to review his relevant mental health records in connection with

9    his preparation of a response to a dispositive motion. This consideration is of particular significance

10   where the gravamen of Plaintiff's action relates to the alleged non-consensual administration of mental

11   health medication, i.e., Abilify. Thus, while the court is still inclined to afford Plaintiff an opportunity

12   to review his mental health records, it will allow further briefing and will conduct a hearing to allow

13   the parties to present oral argument on this issue before making a final determination.

14        **2. Assistance in Reviewing Medical Records**

15        The court is now confronted with the issue of whether Plaintiff's inmate assistant should be

16   allowed to review Plaintiff's medical records along with him so that Plaintiff may prepare a response

17   to Defendants' Motion for Summary Judgment, or whether NDOC's officer to provide Plaintiff was

18   a non-inmate assistant to review, take notes and copy designated medical records is sufficient.

19        There is no dispute regarding Plaintiff's inability to read and write. Therefore, it is clear that

20   Plaintiff will need some manner of assistance in reviewing his medical records in order to articulate and

21   prepare a meaningful response to Defendants' motion. The court has determined that it will also afford

22   the parties an opportunity to present further briefing and oral argument on this issue.

23        The court has not heard a rebuttal argument from Plaintiff with respect to NDOC's offer to

24   provide him with a non-inmate assistant that will read, take notes and copy designated medical records.

25   On the other hand, Plaintiff should also address why a non-inmate assistant would be insufficient.

26        Moreover, the court requests Defendants address whether providing this non-inmate would

27   allow Plaintiff to prepare a meaningful argument in opposition to Defendants' motion. In other words,

28   if his inmate assistant is not allowed to take part in the medical records review, how will Plaintiff be

able to incorporate what he gleans from his medical records review with the non-inmate assistant into an articulate legal argument.  The court is cognizant of NDOC's regulations which prevent inmates from accessing the medical records of another inmate, but further requests Defendants to address whether blind adherence to these regulations would necessarily hamper Plaintiff's ability to respond to a dispositive motion under these circumstances.

Finally, the court asks Defendants to address whether Plaintiff would have a separate and independent constitutional claim if the court were to deny Plaintiff's request in this pending action that his inmate assistant have access to his medical records under these circumstances.

### IV.  CONCLUSION

(1) Defendants' motion to file Exhibit B under seal (Doc. # 47) is **GRANTED**.

(2) To the extent Plaintiff's motion (Doc. # 46) is construed as asserting a request for the appointment of counsel, such request is **DENIED**.

(3) To the extent Plaintiff's motion (Doc. # 46) requests a suspension of proceedings, such request is **GRANTED** to allow the court to address the following issues: (a) whether Plaintiff should have access to his mental health records; and (b) the extent to which Plaintiff should be afforded assistance in reviewing his medical records, and scope of such assistance.

(4) The parties shall simultaneously submit briefs on these issues on or before **September 21, 2012**.  The court will schedule a hearing to be conducted shortly thereafter.

**IT IS SO ORDERED.**

DATED: August 28, 2012.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE

9